# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO, <u>ET AL.</u>**<br><br>**Plaintiff,**<br><br>v.<br><br>**WANDA VÁZQUEZ-GARCED, <u>et al.</u>,**<br><br>**Defendants.** | **CIVIL NO. 20-1235 (PAD)** |

## MINUTES OF PROCEEDINGS: STATUS CONFERENCE

Today, the court held a video conference via VTC Bridge-PAD with attorneys Brian Hauss and Fermín L. Arraiza-Navas, attorneys for plaintiffs; and Susana I. Peñagarícano-Brown, Joel Torres-Ortiz and Juan C. Ramírez, attorneys for defendants. The conference started at 10:30 a.m. and ended at 12:00 p.m.

The court first commended the attorneys for a job well done with respect to the filings made to date, and informed it scheduled this conference to channel disposition of this matter in a cost-effective and expeditious way, considering that the right at issue is critical to the proper functioning of the political system organized under the Constitution.

1. **<u>Pending request for preliminary injunction</u>**: Based on the parties' stipulations, the court explained that it has reservations as to whether plaintiffs have standing to maintain this action, as at this point, the court does not see more than a hypothetical harm. And, although standing is more relaxed and the threshold very low under the First Amendment, it still must be shown. Thus, it stated it was inclined to deny the request for preliminary injunction without prejudice of being refiled once the matter included in paragraphs 28 and 29 of the "Declaration of Sandra Rodríguez-Cotto"

Case 3:20-cv-01235-PAD   Document 28   Filed 06/23/20   Page 2 of 5

Rodríguez-Cotto et al v. Vázquez-Garced et al.
Civil No. 20-1235 (PAD)
Minutes of Proceedings Status Conference
Page 2

(Docket No. 4-1) and paragraphs 15-17 of the "Declaration [sic] Rafelli González-Cotto" (collectively the "Declarations")(stating the challenged law has refrained their sources from sharing important information with them because they fear they could also be prosecuted) is properly developed. The court inquired as to the parties' suggestions to handle this matter.

2. **The parties' positions with respect to standing:** Attorney Hauss argued the court should find that plaintiffs have standing based, not only on the stipulations, but on the statements made by them in the Declarations. On this view, the Declarations should be taken as true unless properly rebutted by defendants and, as of today, defendants have not challenged plaintiffs' statements regarding the effect of the challenged law in their sources. Thus, the uncontested facts are enough to confer standing to plaintiffs.

Defendants disagreed, noting that the statements included in the Declarations regarding the sources remain contested. As such, they should be entitled to conduct discovery *or*, if an in-person preliminary injunction hearing is set, they should have the opportunity to confront plaintiffs' allegations as to this matter without the need for discovery. They added there are other stipulated facts that *de facto* contradict plaintiffs' allegations with respect to their sources. So, as the record stands, plaintiffs have no standing to bring this action and the request for preliminary injunction should be denied.

The parties' respective positions as to this matter were extensively heard. In the end, the court pointed out that the universe in this case includes stipulated facts *and* non-stipulated facts that were properly included in two declarations under penalty of

Case 3:20-cv-01235-PAD   Document 28   Filed 06/23/20   Page 3 of 5

Rodríguez-Cotto et al v. Vázquez-Garced et al.
Civil No. 20-1235 (PAD)
Minutes of Proceedings Status Conference
Page 3

perjury. If plaintiffs can demonstrate, to the court's satisfaction, that sources have refrained from sharing important information with them because they are afraid that they could be prosecuted, the record may support more than a subjective fear and show that plaintiffs are willing listeners and that there are willing speakers chilled from speaking to them. As the record stands, however, the court cannot make that finding, considering that the parties have concentrated on complying with the motion cycle and defendants should have the opportunity to probe as to plaintiffs' portions of their Declarations pertaining to sources.

3. **Status of Senate Bill 1582 ("Bill 1582") and the effect on this case:** Defendants informed that the House of Representatives issued a favorable report regarding Bill 1582, and expect the House to vote on it this week (or at the latest by June 30, 2020). Once approved, the Bill will be forwarded to the Governor of Puerto Rico for her signature. In their view, that will moot the complaint and deprive plaintiffs of standing because subsection (a) of the challenged law will be significantly modified and subsection (f) repealed. As such, the court should stay the case pending approval of Bill 1582 and delay any hearing or instruction to conduct limited discovery with respect to the outstanding issue of the Declarations to avoid wasting judicial resources and the parties' own resources. If the Bill is signed into law, defendants added, plaintiffs will need to amend the complaint and properly assert standing under the new statute. Moreover, defendants reiterated the government does not intent to prosecute or threaten with prosecution any journalist for publishing information under the challenged law.

Thus, in their view, the preliminary injunction should be denied with prejudice and the complaint dismissed. After listening to the parties, the court denied defendants' request.

4. *Status quo*: The possibility of entering into a stipulation whereby defendants would agree that no adverse action will be taken against plaintiffs or any other journalist under the challenged law, until Bill 1582 is signed into law, was discussed. Defendants explained that, in light of the allegations of the complaint and the stipulations already entered into by the parties, there is no need to enter into any additional stipulation. They reiterated the government will not prosecute any journalist under the challenged law. Should the court order them to consider an additional stipulation addressing future prosecution, they will need at least 4 working days to discuss the stipulation and obtain the approval of the Secretary of Justice as it is a matter of public policy that requires her approval. The court stated it will not issue any order as to this matter. However, it noted that based on counsels' repeated representations, it is confident that defendants will not initiate any adverse action or prosecution against plaintiffs under the challenged law pending approval and signature of Bill 1582.

5. **Next Steps**: All things considered, the request for preliminary injunction at Docket No. 4 is **held in abeyance** pending developments on Bill 1582 currently before the House of Representatives. A follow up Status Conference is set for **July 1, 2020 at 10:30 a.m.** Depending on developments at that point, the court will determine what the next steps should be (including limited discovery or scheduling of an in-person Preliminary Injunction Hearing). The Preliminary Injunction Hearing set for tomorrow at 9:30 a.m. is vacated.

Rodríguez-Cotto et al v. Vázquez-Garced et al.
Civil No. 20-1235 (PAD)
Minutes of Proceedings Status Conference
Page 5

    **SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of June, 2020.

                                                      s/Pedro A. Delgado-Hernández
                                                      PEDRO A. DELGADO-HERNÁNDEZ
                                                      United States District Judge