**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO; RAFELLI GONZÁLEZ-COTTO** *Plaintiffs,* v. **WANDA VÁZQUEZ-GARCED**, Governor of Puerto Rico; **DENNISE N. LONGO-QUIÑONES**, Secretary of Justice of Puerto Rico; **PEDRO JANER**, Secretary of the Department of Public Safety of Puerto Rico; **HENRY ESCALERA**, Commissioner of the Puerto Rico Police Bureau, all in their official capacities *Defendants.* | CIVIL No. 20-01235 (PAD) **RE:** Preliminary and Permanent Injunction |

## BRIEF REGARDING MOOTNESS OF PLAINTIFFS' CLAIMS IF SENATE BILL NO. 1582 IS SIGNED INTO LAW

**TO THE HONORABLE COURT:**

   **COME NOW**, co-defendants **Wanda Vázquez-Garced**, Governor of Puerto Rico; **Dennise N. Longo-Quiñones**, Secretary of Justice of Puerto Rico; **Pedro Janer**, Secretary of the Department of Public Safety of Puerto Rico; and, **Henry Escalera**, Commissioner of the Puerto Rico Police Department, all in their official capacities, without waiving any right or defense arising from Title III of *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§2101 *et seq.*, and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and through the undersigned attorney, very respectfully **STATE** and **PRAY** as follows:

## I. INTRODUCTION

On May 26, 2020, the Puerto Rico Senate approved Senate Bill No. 1582, which substantially amends the two sections of the *Puerto Rico Department of Public Safety Act*, Act No. 20-201, that plaintiffs are challenging in the instant case. Specifically, the alluded Senate Bill would completely amend Section (a) of Article 6.14 of Act No.20-2017 adopting a new language and would wholly repeal Section (f). Consequently, on June 16, 2020, the Court took judicial notice of the legislative process regarding Senate Bill No. 1582 and ordered the parties to submit briefs as to whether, if signed into law, said legislative piece would moot the instant action. *See* Docket No. 21. After analyzing the language proposed in Senate Bill No. 1582 and the Plaintiffs' claims in the instant case, Defendants hereby contend that, if said legislative piece is signed into law, it will undoubtedly moot the instant action in its entirety.

**First**, Senate Bill No. 1582 substantially amends Section (a) of Article 6.14 of Act No. 20-2017 and includes an element of actual malice to the criminal action. *See* Docket No. 24-1. While the requirement of actual malice is not required in this kind of statute because it is not a libel, defamation or slander provision, the Senate has provided that additional safeguard. That itself would instantly moot Plaintiffs' argument that "[w]ithout [an actual malice requirement], the Challenged Provisions may be used to prosecute reporters and other members of the public for inadvertent inaccuracies or even for true speech that casts the government and its officials in a negative light, as Puerto Rico's former criminal defamation law was used to prosecute reporters who exposed police misconduct". *See* Docket No. 1 at 7. Therefore, Plaintiffs allegations regarding the deficiency of the challenged provisions for lack of an actual malice requirement would vanish because the new Section (a) would provide said element.

**Second**, if signed into law, Senate Bill No. 1582 could not be construed as to cover Plaintiffs' conduct or expression and they will not be able to assert that legislative bill has an intention to engage in a course of conduct arguably affected with a constitutional interest since it specifically adds an element of knowledge before the dissemination of a false alarm. Also, the legislative bill adds an additional element that requires that the false alarm provokes an imminent threat to the life, health corporal integrity or security of one or more persons or puts in imminent danger private or public property. Thus, since Plaintiffs have clearly stated that they "certainly do not intend to transmit *false* statements" (Docket No. 16 at 5), there is simply no possibility that they be chilled or have a realistic threat of prosecution.

**Third**, if signed into law, Senate Bill No. 1582 would repeal Section (f) of Article 6.14 of Act No. 20-2017, which would clearly moot any claim Plaintiffs have against said provision because it would be inexistent. *See D.H.L. Assocs., Inc. v. O'Gorman,* 199 F.3d 50, 54 (1st Cir.1999)("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

**Finally**, if signed into law, Senate Bill No. 1582 would eliminate the language challenged by Plaintiffs regarding the "rumors" or "abnormalities" which is the core to their allegations regarding vagueness and overbreadth. *See* Docket 1 at 16, ¶62 ("Ms. Rodríguez-Cotto and Mr. González-Cotto cannot ascertain whether their reporting on the government's emergency response measures would be considered to be 'spread[ing] rumors or giv[ing] false alarms about non-existing abnormalities,' nor can they determine under what circumstances the government might infer that they spoke "with the intent of creating confusion, panic, or collective public hysteria.'")

3

Thus, based on the ensuing grounds, Defendants argue that if Senate Bill No. 1582 is signed into law Plaintiffs' case would clearly be not justiciable because they would not only continue to lack Article III standing, but all the allegations would turn moot. *See Horizon Bank & Trust Co. v. Massachusetts,* 391 F.3d 48, 53 (1st Cir.2004) ("Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party.").

## II. DISCUSSION

### A. Mootness standard

Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. The Supreme Court has interpreted this requirement to demand that "an actual controversy ... be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000, 567 U.S. 298, 307, 132 S. Ct. 2277, 2287, 183 L. Ed. 2d 281 (2012)*. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016). Mootness is a ground which should ordinarily be decided in advance of any determination on the merits. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997). Further, courts are obligated to follow the doctrine of constitutional avoidance, under which federal courts are not to reach constitutional issues

where alternative grounds for resolution are available. *See Mills v. Rogers,* 457 U.S. 291, 305 (1982).

The case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated. *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). The purpose of an injunction is to prevent future violations, *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928). It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (1982). "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.'" *Id.* at 289, n. 10. In accordance with this principle, the standard that the Supreme Court has for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

**B. Senate Bill No. 1582 would make Plaintiffs' core allegations moot.**

In the case at hand, if Senate Bill 1582 is in fact made into law, it would render the instant case moot for several reasons. For starters, there would be literally no controversy left for the court to decide because the case would no longer be "alive" as to the challenge provisions. Once Senate Bill 1582 is approved and made into law, a new amended law would be in effect and the challenge provisions that motivated Plaintiffs to seek relief in this Court would cease to exist

as would their claims. *See Mangual v. Rotger–Sabat,* 317 F.3d 45, 60 (1st Cir.2003) ("The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.' ").

First, Plaintiffs' allege that "the Challenged Provisions make it a crime to share false information on matters of immense public concern, but do not require the government to demonstrate that the defendant either knew the information was false or acted with reckless disregard as to whether the information was false." Docket No. 1 at 13, ¶55. Defendants have argued continuously that the challenged provisions do not have to contain an actual malice element because that is a constitutional requirement for criminal statutes proscribing slander, libel, or defamation against public officers, which is not the case here. *See Mangual v. Rotger-Sabat*, 317 F.3d 45, 65 (1st Cir. 2003)("For public officials to recover damages, they must prove "that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.").

However, *arguendo*, if Plaintiffs' argument were correct—which it is not—the same would fall flat in light of Senate Bill No. 1582. That is because Senate Bill No. 1582 would amend the challenged Section (a) to add an element that requires that the person committing the crime **knows** that the false alarm is indeed untruthful. Specifically, the amended "Article 6.14 Section (a) would read as follows:

> "Any person, natural or legal, who performs any of the following acts on purpose, knowingly or recklessly, having been decreed by Executive Order an emergency or disaster by the Governor of Puerto Rico shall be punished with a penalty of imprisonment not exceeding six (6) months or a fine not exceeding five thousand (5,000) dollars or both sentences at the discretion of the court:
> (a) Gives a warning or false alarm, knowing that the information is false, in relation to the imminent occurrence of a catastrophe in Puerto Rico, or, disseminate, publish, transmit, transfer and/or circulate through any means of communication, including the means of television media, social network, and/or any other means of dissemination, publication or distribution of

6

> information, a notice or a false alarm, knowing that the information is false, when as a result of their conduct it puts the life, health, bodily integrity or safety of one or more persons at imminent risk, or endangers public or private property. In the event that the notice or false alarm results in damage to the public purse, to third parties, or public or private property exceeding ten thousand (10,000) dollars, or when the conduct results in injury or physical harm of a person, that person shall have committed a felony with a penalty of imprisonment for a fixed term of three (3)years."

*See* Docket 24-1 at 2-3

The proposed language for Section (a) of Article 6.14 of the Puerto Rico Public Safety Act, Act No. 20-2017 adds an element of intent when a person is **knowingly** giving a false alarm that puts public safety at risk. This new element in the law puts to rest Plaintiffs fears of self-censorship because they themselves have admitted that they have no intent of broadcasting false information. *See* Docket No. 23 at 23. Hence, Plaintiffs would lack the element of actual malice if unknowingly publishing false information. Unless Plaintiffs intend to knowingly publicize false information, they have nothing to fear. The proposed language buttresses Plaintiffs' hypothetical, subjective and unfounded fear of prosecution, not based on credible threat prosecution, thus, lacking standing to continue with this suit.

Moreover, the challenged Section (f) of Article 6.14 of the Puerto Rico Public Safety Act, Act No. 20-2017 would cease to exist because Senate bill 1582 eliminates said section. As a result, all allegations under the challenged Section (f) would follow the same ill-fated outcome. Likewise, the language challenged by Plaintiffs regarding the "rumors" or "abnormalities" which is at the core Plaintiffs allegations regarding vagueness and overbreadth is eliminated in Senate Bill 1582. Unquestionably, the substantial amendments provided by Senate Bill 1582 render the instant action as moot. "No federal court, whether this Court or a district court, has 'jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual

7

controversies.'" *Golden v. Zwickler*, 394 U.S. 103, 110, 89 S. Ct. 956, 960, 22 L. Ed. 2d 113 (1969) "[I]t is not enough that a dispute was very much alive when suit was filed"; the parties must "continue to have a 'personal stake' " in the ultimate disposition of the lawsuit. *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Consequently, it is impossible for this Court to grant any effectual relief to Plaintiffs when their cause of action of an alleged self-censorship, if any, cannot pass muster under Senate Bill 1582, if and when approved and made into law.

A second independent reason for mootness is that this Court cannot provide the relief sought by Plaintiffs because there is no ongoing conduct to enjoin Defendants. Federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" or give "opinion[s] advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). This Honorable Court would not be able to provide relief for a law that no longer exists as it stood when the complaint was filed, any other way would constitute an advisory opinion. It is unwarranted for this Court to rule if the challenge provisions were unconstitutional if they no longer exist. With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory. *Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013). The Supreme Court has admonished that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna,* 523 U.S. 1, 18 (1998). Thus, this Court cannot rule on a putative future violation if Plaintiffs have not suffered any harm under the present law, and much less under the new provisions of law. Generally, courts consider the law as it exists at the time of the review, not as it might speculatively exist in the future. *Town of*

*Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 58–59 (1st Cir. 2016). But this Court should respectfully abstain itself from issuing an advisory opinion regarding future hypothetical conduct. Any challenge must be based on a real and credible threat of irreparable harm or prosecution.

Moreover, even if Plaintiffs were to argue the voluntary cessation exception, the same would not defeat mootness since it is inapposite to the instant case. Under First Circuit precedent, the voluntary cessation exception can be triggered only when there is a reasonable expectation that the challenged conduct will be repeated following dismissal of the case. *Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 56 (1st Cir. 2013). The exception's purpose is to deter a "manipulative litigant [from] immunizing itself from suit indefinitely, altering its behavior long enough to secure a dismissal and then reinstating it immediately after." *Id.* at 54–55. The exception ordinarily does not apply where the voluntary cessation occurred for reasons unrelated to the litigation. *See id.* at 55. Here, absent an occurrence there is no reasonable expectation of recurrence. Arguendo, for the sole purpose of the mootness argument, Plaintiffs' conduct or expression, per the allegations in the complaint, would not fall under the new amended statute's reach.[1] Furthermore, the new amended law, if and when approved, is entitled to the presumption that it was enacted in good faith, "*see, e.g., Miller v. Johnson,* 515 U.S. 900, 916 (1995), not with the improper motive of mooting pending litigation." *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 59 (1st Cir. 2016)(other citations omitted).

---

[1] Defendants do not waive their argument that Plaintiffs' conduct does not fall under the current challenged provisions.

## III. CONCLUSION

The proposed modifications on Senate Bill No. 1582 are substantial enough for this Court to determine that the instant case is moot in its entirety. If the amended sections are approved, Plaintiffs allegations regarding a lack of actual malice in the challenge provision would be put to rest. The language in Senate Bill 1582 clearly provides for an element of a person knowingly giving a false alarm in relation to imminent occurrence of a catastrophe in Puerto Rico. It is hard to fathom a scenario where Plaintiffs would fear being prosecuted under the amendments that Senate Bill 1582 provides to the Puerto Rico Department of Public Safety Act.

Likewise, Senate Bill 1582 adds an additional element that requires that the false alarm provokes an imminent threat to the life, health corporal integrity or security of one or more persons or puts in imminent danger private or public property. Thus, since Plaintiffs have clearly stated that they "certainly do not intend to transmit *false* statements" (Docket No. 16 at 5), there is simply no possibility that they be chilled or have a credible, well-founded and realistic threat of prosecution. Any relief that this Court provides to Plaintiffs after the approval of Senate Bill 1582 would be merely an advisory opinion. Plaintiffs would not be able to prove an injury in fact under the amended law. Lastly, if signed into law, Senate Bill No. 1582 would eliminate language that Plaintiffs have challenged as vague. These substantial changes in the challenge provisions make it impossible for this Court to grant any effectual relief to Plaintiffs. This Court would need to review the law as it would stand once the legislative bill is approved and not as it stood before because that law would be nonexistent. Therefore, Plaintiffs' cause of action would be moot absent a present, live controversy of the kind that must exist for this Court to avoid advisory opinions on abstract propositions of law.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above and DISMISS WITH PREJUDICE the instant complaint if and when Senate Bill no. 1582 is signed into law.

**I HEREBY CERTIFY** that the undersigned attorney electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of June 2020.

| | |
|---|---|
| **DENNISE N. LONGO-QUIÑONES**<br>Designated Secretary of Justice<br><br>**WANDYMAR BURGOS-VARGAS**<br>Deputy Secretary in Charge of Litigation<br><br>**SUSANA I. PEÑAGARÍCANO-BROWN**<br>Director of Legal Affairs<br>Federal Litigation and Bankruptcy Division | */s/ Juan C. Ramírez-Ortiz*<br>**JUAN C. RAMÍREZ-ORTIZ**<br>USDC-PR No. 306507<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan, PR 00902-0192<br>Phone: (787)721-2900, ext. 1421<br>juramirez@justicia.pr.gov<br><br>*/s/Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>USDC-PR No. 302311<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan, PR 00902-0192<br>Tel. (787) 721-2900, ext. 1421 & 1412<br>joeltorres@justicia.pr.gov |