**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO; RAFELLI GONZÁLEZ-COTTO** <br><br> *Plaintiffs,* <br><br> v. <br><br> **WANDA VÁZQUEZ-GARCED**, Governor of Puerto Rico; **DENNISE N. LONGO-QUIÑONES**, Secretary of Justice of Puerto Rico; **PEDRO JANER**, Secretary of the Department of Public Safety of Puerto Rico; **HENRY ESCALERA**, Commissioner of the Puerto Rico Police Bureau, all in their official capacities <br><br> *Defendants.* | **CIVIL No.** 20-01235 (PAD) <br><br> **RE:** Preliminary and Permanent Injunction |

**MOTION TO CLARIFY AND/OR TO AMEND MINUTE OF PROCEEDINGS ENTERED AT DOCKET NO. 28**

**TO THE HONORABLE COURT:**

**COME NOW**, co-defendants **Wanda Vázquez-Garced**, Governor of Puerto Rico; **Dennise N. Longo-Quiñones**, Secretary of Justice of Puerto Rico; **Pedro Janer**, Secretary of the Department of Public Safety of Puerto Rico; and, **Henry Escalera**, Commissioner of the Puerto Rico Police Department, all in their official capacities, without waiving any right or defense arising from Title III of *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§2101 *et seq.*, and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and through the undersigned attorney, very respectfully **STATE** and **PRAY** as follows:

1.      On June 23, 2020, this Court held a Status Conference via VTC Bridge-PAD with attorneys for Plaintiffs and Defendants in which several matters pertaining to the case were addressed, including Plaintiffs' pending preliminary injunction request. On the same date, the Court entered a *Minutes of Proceedings: Status Conference*, Docket No. 28, summarizing the arguments of the parties and the Court's position regarding several procedural issues.

2.      While the *Minutes of Proceedings* correctly summarized most of the matters that were argued by the parties in the Status Conference, Defendants need to clarify a statement included that does not accurately reflects their position. Specifically, the Court reported that Defendants stated the following: "They reiterated the government will not prosecute any journalist under the challenged law." Docket No. 28 at 4. Defendants respectfully contend that this statement leads to confusion and should be clarified to reflect the argument made during the Status Hearing.

3.      During the Status Hearing, Defendants addressed a question from the Court as to whether the Department of Justice would prosecute journalists under the challenged statutes. In that context, Defendants answered that journalists would not and could not be prosecuted for publishing journalistic articles adverse to the Government of Puerto Rico because that conduct is not proscribed by the challenged provisions nor it is within its reach. As to any compromise from the Department of Justice of not prosecuting a group of citizens (journalists) or Plaintiffs under the challenged provisions, the Court correctly summarized Defendants' answer: "they will need at least 4 working days to discuss the stipulation and obtain the approval of the Secretary of Justice as it is a matter of public policy that requires her approval." Docket No. 28 at 4.

4. In that sense, Defendants want to clarify that they do not believe that the conduct that Plaintiffs alleged in the Complaint that they have engaged in or that they allege that they could engage in—publishing journalistic articles adverse to the Government regarding the state of emergency—is proscribed by the challenged provisions; thus, it would be reasonable to conclude that Plaintiffs will not be prosecuted. However, Defendants reiterate that any commitment to not prosecute a citizen under the challenged provisions if he or she were to engage in the proscribed conduct, cannot be made without the approval from the Hon. Dennise N. Longo-Quiñones, Secretary of Justice of the Commonwealth of Puerto Rico.

5. It is important to mention that Defendants believe that the Court correctly captured their argument in another part of the *Minute of Proceedings* which states that: "defendants reiterated the government does not intent to prosecute or threaten with prosecution any journalist for publishing information under the challenged law". Docket No. 28 at 3. At all times, the mentioned statement was the intended argument made by Defendants. That is, that the Government does not intend to prosecute any journalist for publishing information regarding the emergency because the challenged provisions do not proscribe that conduct. Moreover, it cannot be reasonably argued that the challenged provisions' reach forbids the publishing of journalistic articles, but only dissemination of false alarms concurrently with the other typified elements of the crime.

6. Also, Defendants would like to clarify that they did not intend to make any representations to the Court that the challenged provisions would not be in full effect or executed by the Department of Justice if a citizen were to commit the proscribed conduct. As explained before, that is a decision to be made by the Secretary of Justice and Defendants are not authorized to make such a representation without her approval. Defendants at all times

intended to argue and represent that since the challenged provisions do not proscribe the publication of journalistic articles, whether adverse or not to the Government, it would not be possible to prosecute any citizen based on that fact. *See* Docket No. 28 at 3. Thus, Defendants reiterate, as it has been amply argued in the briefs submitted to the Court, that Plaintiffs' alleged conduct does not fall within the reach of the challenged provisions.

7. Simply put, Defendants clarify that: (1) they did not intend to make any representation that the Department of Justice would not prosecute a citizen that commits the proscribed conduct in the challenged provisions; (2) any decisions as to not execute a valid criminal statute against any citizen is a matter that has to be approved by the Secretary of Justice; (3) the intention of the argument made during the Status Conference was that since the challenged provisions do not proscribe Plaintiffs' alleged conduct or intended speech, they should not be prosecuted under the same.

**WHEREFORE**, it is respectfully requested from this Court to take notice of the above stated and clarify and/or amend the *Minutes of Proceedings: Status Conference*, Docket No. 28, in order to avoid confusion as to Defendants' position regarding the execution of the challenged provisions.

**I HEREBY CERTIFY** that the undersigned attorney electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of June 2020.

| | |
|---|---|
| **DENNISE N. LONGO-QUIÑONES**<br>Designated Secretary of Justice<br><br>**WANDYMAR BURGOS-VARGAS**<br>Deputy Secretary in Charge of Litigation<br><br>**SUSANA I. PEÑAGARÍCANO-BROWN**<br>Director of Legal Affairs<br>Federal Litigation and Bankruptcy Division | */s/ Juan C. Ramírez-Ortiz*<br>**JUAN C. RAMÍREZ-ORTIZ**<br>USDC-PR No. 306507<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan, PR 00902-0192<br>Tel. (787)721-2900, ext. 1421<br>juramirez@justicia.pr.gov<br><br>*/s/Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>USDC-PR No. 302311<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan, PR 00902-0192<br>Tel. (787) 721-2900, ext. 1421 & 1412<br>joeltorres@justicia.pr.gov |