## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO, <u>ET AL.</u>**<br><br>**Plaintiff,**<br><br>v.<br><br>**WANDA VÁZQUEZ-GARCED, <u>et al.</u>,**<br><br>**Defendants.** | **CIVIL NO. 20-1235 (PAD)** |

### MINUTES OF PROCEEDINGS: SECOND STATUS CONFERENCE

Today, the court held a video conference via VTC Bridge-PAD with attorneys Brian Hauss and Fermín L. Arraiza-Navas, attorneys for plaintiffs; and Susana I. Peñagarícano-Brown, Joel Torres-Ortiz and Juan C. Ramírez, attorneys for defendants. The conference started at 10:30 a.m. and ended at 11:05 a.m.

### A.    LATEST DEVELOPMENTS

The court stated it reviewed the materials that the parties submitted after the last status conference, including the supplemental memoranda regarding the effect on this case of Senate Bill ("SB") 1582, and took notice that the House of Representative of Puerto Rico approved SB 1582, although it is unclear *if* and *when* the Governor will sign the bill into law. Defendants pointed out that it is not a matter of *if* the Governor will sign the bill, but *when* she will sign it. Based on the court's reading of SB 1582, if it were to be signed, it would moot plaintiffs' challenge to Section (f) of Article 6.14, but not necessarily as to Section (a). The court observed that SB 1582 refers to both knowingly and recklessly, and questioned defendants as to which one is it. Defendants responded that one part of SB 1582 was introductory and the other (Section (a)) was more specific and it is the one we should be reading because it provides more context.

Rodríguez-Cotto et al v. Vázquez-Garced et al.
Civil No. 20-1235 (PAD)
Minutes of Proceedings Status Conference
Page 2

### B.   STANDING

1. Defendants expressed doubts that plaintiffs will have standing because SB 1582 requires an element of intent, the intent to disseminate false information, and there is a stipulation that plaintiffs do not intend to intentionally disseminate false information. The court reiterated that although standing is more relaxed and the threshold very low under the First Amendment, it still must be shown.

2. In this connection, the court read all cases that plaintiffs cited in support of the question of standing, and this review confirmed that "mere subjective fears are not enough." There must be a credible threat of prosecution, which existed in Anthony List v. Driehaus, 573 U.S. 149 (2014), where a complaint was filed against plaintiff; in Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289 (1979), where the challenged statute created an unfair labor practice mixed with regulation of expression that covered unions (plaintiff was a union); and in Mangual v. Rotger-Sabat, 317 F.3d 45, (1st Cir. 2003), where one of the officers who were being investigated by the journalist sent a letter to the Secretary of Justice complaining about the journalist. But the stipulations in this case do not reflect similar factual settings.

3. However, a different situation emerges from paragraphs 28 and 29 of the "Declaration of Sandra Rodríguez-Cotto" (Docket No. 4-1) and paragraphs 15-17 of the "Declaration [sic] Rafelli González-Cotto" (Docket No. 4-2) (collectively the "Declarations")(stating the challenged law has refrained their sources from sharing important information with them because they fear they could also be prosecuted). If the sources (willing speakers, plaintiffs being willing listeners), have been frozen, that would be more than merely subjective fear. A limited evidentiary hearing would make this clearer.

### C.  NEXT STEPS

1.  Plaintiffs explained that if SB 1582 is signed into law, they will request leave to amend the complaint and a file a renewed motion for preliminary injunction addressing their challenge to revised Section (a) of Article 6.14.  They advanced that if the government seeks more information with respect to the sources addressed to in plaintiffs' declarations, they will move for a protective order and will not disclose their sources.

2.  If SB 1582 is signed into law the parties shall file a motion so informing the court.  From that point, plaintiffs will then have five (5) days to file an Amended Complaint and a renewed Motion for Preliminary Injunction with the materials in support of the request.  Defendants will be ordered to respond.

3.  The court reiterated it is confident that defendants will not initiate any adverse action or prosecution against plaintiffs under the challenged law pending signature of SB 1582.  Defendants stated that the law is valid, has not been declared unconstitutional, and based on plaintiffs' allegations, any thinking that journalists will be prosecuted is mere speculation today.  The court noted that it understood defendants' position.

4.  A follow up Status Conference was set for **July 8, 2020 at 10:30 a.m. EST.**

    **SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of July, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge