## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

SANDRA RODRÍGUEZ-COTTO, ET
AL.

      Plaintiff,

        v.

WANDA VÁZQUEZ-GARCED, et al.,

      Defendants.

CIVIL NO. 20-1235 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge**.**

      Plaintiffs initiated this action seeking to enjoin enforcement of two sections of Article 6.14 of the Law of the Puerto Rico Department of Safety, Law No. 20 of 2017, P.R. Laws Ann. tit. 25 § 3501, et seq., under the First Amendment (Docket Nos. 1), Defendants responded alleging that the statute is valid, and questioning plaintiffs' standing (Docket Nos. 13).  Meanwhile, the Legislature approved a bill amending the statute, but the amendment awaits the Governor's signature (Docket Nos. 33).  Defendants represent that the Governor will sign the amendments into law. Id.  As she has 30 days to sign the bill, the court will not issue any ruling on the statute as it stands.

      If signed into law, the bill would moot plaintiffs' challenge to Section (f) but not necessarily as to Section (a).  First Amendment challenges should be resolved expeditiously one way or the other.  But plaintiffs must show standing in order for the court to examine the merits of their claim, and as the court has noted, it has reservations about plaintiffs' standing (Docket Nos. 28 and 33).  A general fear of prosecution is not enough.  However, the circumstances described in five

Rodríguez-Cotto et al v. Vázquez-Garced et al.
Civil No. 20-1235 (PAD)
Memorandum and Order
Page 2

paragraphs of plaintiffs' declarations involving sources may suffice to confer standing, albeit some record development may be necessary to accomplish this.

Plaintiff have been granted leave to amend the complaint in the event the Governor signs the bill, and to present a renewed request for preliminary injunction (Docket No. 33). Also, they have stated that they will not disclose their sources. Id. In the event they present a motion for preliminary injunction based on the amended statute, they shall include in their supporting legal memorandum a discussion of whether a journalist claiming chilling of sources as basis for standing in a pre-enforcement facial challenge under the First Amendment, may be recognized standing if the journalist refuses to disclose the source. For ease of review, they should include cases specifically addressing this question.

In light of the procedural posture of the case, the court finds it appropriate to set aside the status conference scheduled for July 8, 2020. Unless circumstances require otherwise, it will revisit the case schedule immediately upon notice that the Governor has signed the bill into law.

**SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of July, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge