IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO;** **RAFELLI GONZÁLEZ-COTTO** | **CIVIL No.** 20-01235 (PAD) |
| *Plaintiffs,* | **RE:** Preliminary and Permanent Injunction |
| v. | |
| **WANDA VÁZQUEZ-GARCED**, Governor of Puerto Rico; **INÉS DEL CARMEN CARRAU-MARTÍNEZ**, Interim Secretary of Justice of Puerto Rico; **PEDRO JANER**, Secretary of the Department of Public Safety of Puerto Rico; **HENRY ESCALERA**, Commissioner of the Puerto Rico Police Bureau, all in their official capacities | |
| *Defendants.* | |

**MOTION FOR RECONSIDERATION AS TO ORDER IN DOCKET NO. 38**

**TO THE HONORABLE COURT:**

    **COME NOW**, co-defendants **Wanda Vázquez-Garced**, Governor of Puerto Rico; **Inés del Carmen Carrau-Martínez**,[1] Interim Secretary of Justice of Puerto Rico; **Pedro Janer**, Secretary of the Department of Public Safety of Puerto Rico; and, **Henry Escalera**, Commissioner of the Puerto Rico Police Department, all in their official capacities, without waiving any right or defense arising from Title III of *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§2101 *et seq*., and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and through the undersigned attorney, very respectfully **STATE** and **PRAY** as follows:

---

[1] Originally, the Complaint was filed against then-Secretary of Justice, Dennise N. Longo-Quiñones, in her official capacity. However, since Attorney Longo-Quiñones resigned, she has been automatically substituted as a party by Hon. Inés del Carmen Carrau-Martínez, Interim Secretary of Justice. *See* Fed. R. Civ. P. 25(d).

## I. INTRODUCTION

On July 15, 2020, Defendants filed an *Informative Motion* in which they informed the Court that Senate Bill No. 1582 had been signed into law and became Act No. 66-2020. *See* Docket No. 35. However, on July 16, 2020, Plaintiffs filed a *Motion to Compel Defendants to file an authenticated copy of Act No. 66-2020 together with a certified translation*, where they essentially argued that: (1) they were "unable to locate an official copy of the Act"; and (2) they require an official copy of Act No. 66-2020 and an official translation of the same in order to amend their Complaint and motion for Preliminary Injunction. *See* Docket No. 37 at 1-2, ¶3. Surprisingly, on that same date, this Court entered an Order in Docket No. 38 placing upon Defendants the burden of translating Act No. 66-2020 by ordering that they translate the same at the Commonwealth of Puerto Rico's own expense, simply because they took the initiative of informing the Court of the enactment of said statute. *See* Docket No. 33 at 3, ¶2 ("If SB 1582 is signed into law **the parties** shall file a motion so informing the court.") (emphasis ours).

Defendants respectfully contend that the Court abused its discretion by requiring them to use the Commonwealth's taxpayers' monies and limited resources to further Plaintiffs' case. If Plaintiffs are challenging the constitutionality of a statute and intend on requesting a preliminary injunction to enjoin Defendants from enforcing a recently enacted statute, it is them that have the burden of establishing their case and provide any document, including a translated copy of the same, to the Court. *See Nieves–Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir.2003) (establishing that plaintiffs bear the burden to demonstrate that all their case meets all prongs for the issuing of a preliminary injunction). Moreover, Plaintiffs can easily access an official copy of Act No. 66-2020 on the website of the Office of Legislative Services of

the Commonwealth of Puerto Rico, http://www.oslpr.org/sutra, and in microjuris.com since July 15, 2020.

Respectfully, Defendants argue that if this Court's Order (Docket No. 38) is not reconsidered, it will set an unfortunate precedent that opens the doors for other plaintiffs that file a complaint against the Commonwealth, its officers or any other defendant to rely on them to pay for their case expenses, no matter the costs, reasonability or merits. Therefore, pursuant to the arguments that will be discussed in this motion, Defendants very respectfully request this Court to reconsider the Order entered at Docket No. 38 and vacate the same for constituting an error of law that results in a manifest injustice. No defendant should be required to spend its resources to pay for materials that should be produced by the plaintiff to further their case.

## II. STANDARD OF A MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." *Sánchez–Pérez v. Sánchez–González*, 717 F.Supp.2d 187, 193–94 (D.P.R. 2010) (quoting *Sánchez–Medina v. UNICCO Serv. Co.*, 265 F.R.D. 29, 32 (D.P.R. 2010)). "[I]t is settled in this circuit[, however,] that a motion which ask[s] the court to modify its earlier disposition of [a] case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (quoting *In re Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir. 1987)); *see also Cent. Produce El Jibarito v. Luna Commercial Corp.*, 880 F.Supp.2d 282, 284 (D.P.R. 2012) (quoting the same).

Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMortgage*, Inc., 772 F.3d 925, 930 (1st Cir. 2014)

3

(quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." *Iverson v. City of Bos.*, 452 F.3d 94, 104 (1st Cir. 2006) (citing *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)). "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits [... and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *Harley–Davidson Motor Co. v. Bank of New England–Old Colony*, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Since Defendants contend that the Court erred in ordering Defendants to translate a statute that Plaintiffs have stated that they will use to further an action against them, a reconsideration of the same is warranted. Thus, a motion for reconsideration pursuant Federal Rule of Civil Procedure 59(e) is the appropriate procedural vehicle in the instant case.

### III. DISCUSSION

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Similarly, Local Rule 5(g) requires in part, that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." The First Circuit has been very clear in establishing that the Court cannot accept Spanish documents without a certified English translation. S*ee Pea–Crespo v. Puerto Rico,* 408 F.3d 10, 14 (1st Cir.2005) (not an abuse of discretion for the district court to exclude plaintiff's expert testimony where the plaintiff failed to provide an English translation of expert's report and resume, and made no attempt to remedy the omission before

4

the court). Thus, no document can be filed in a district court without prior leave and a certified English translation.

However, **there is no statutory authority under any federal statute or elsewhere allowing the expenditure of government funds as an aid to a plaintiff that has filed a suit against state officers**. Only in **discovery proceedings** has the First Circuit recognized that a district court does not abuse its discretion in managing pretrial discovery by having each party pay for adversaries' expenses in connection with taking of depositions. *See Navarro de Cosme v. Hosp. Pavia*, 922 F.2d 926 (1st Cir. 1991). Nevertheless, such discretion has not been recognized to a district court as to the payment of translations to an adversary party, even when that defendant is the state. In *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), the Third Circuit ruled that "[t]here is no [statutory provision] for the payment by the government of the costs of deposition transcripts, **or any other litigation expenses**, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. *See also Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 625 (E.D.Va.1979) (quoting *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976)).

The same logic must apply to the instant case since there is no statutory or other authority that allows a district court to commit the state or territorial government's monies to fund a plaintiff's suit. It is forceful to conclude that if federal courts have ruled that a defendant does not have to pay for an indigent plaintiff litigation expenses, it certainly does not have to pay for the litigation expenses of a plaintiff that has the resources to cover the same. Thus, Defendants respectfully contend that the Court abused its discretion by requiring Defendants to spend the Commonwealth taxpayers' monies to aid Plaintiffs to amend a complaint and a motion for preliminary injunction.

An error of law is an abuse of discretion. *Aronov v. Napolitano,* 562 F.3d 84, 88 (1st Cir.2009) (en banc). An abuse also "occurs when a court, in making a discretionary decision, relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the correct mix of factors but makes a clear error of judgment in weighing them." *Matamoros v. Starbucks Corp.,* 699 F.3d 129, 138 (1st Cir.2012). In the instant case, the Court abused its discretion by erroneously interpreting that Plaintiffs' litigation expenses (translations) must be covered by Defendants (Docket No. 38). In *Gómez v. Myers,* 627 F. Supp. 183, 186 (E.D. Tex. 1985), the U.S. District Court, E.D. Texas, had a similar controversy regarding if the defendants had the obligation to pay for the translations of materials to aid an *in forma pauperis* indigent plaintiff. When analyzing the parties' positions, the Court concluded that it would be unfair, a violation of due process and a penalty for being sued to order a defendant in a civil action to pay for plaintiff's litigation expenses. Specifically, the Court stated the following:

> **The defendants or their employer, the State of Texas, likewise cannot be expected at this point in the proceedings to pay the cost of translating the claims against them. It would be unfair and a violation of due process to order a defendant in a civil action to pay the plaintiff's litigation costs without affording the defendant an opportunity to oppose their imposition. Otherwise, <u>defendants would be penalized for being sued by [a plaintiff] regardless of the merits of the claim</u>**.

*Gómez v. Myers,* 627 F. Supp. 183, 186 (E.D. Tex. 1985) (emphasis ours).

The Commonwealth—a debtor under Title III of PROMESA--cannot be held liable for the payment of Plaintiffs' expenses because not only would it be a due process violation, but also would be a form of penalizing it for being sued. Defendants respectfully argue that since Plaintiffs are the party challenging the constitutionality of a statute, any translation should be covered by them. As explained before, other circuits have already ruled that there is no statute that allows for the payment by the U.S. government of an *in forma pauperis* plaintiff civil

6

litigation expenses, *see Tabron,* 6 F.3d 159, and Defendant contends that the same interpretation must apply for ordinary plaintiffs that sue states or territories. The Commonwealth taxpayers' monies cannot be used as a fund to sustain every case filed against it. Therefore, Defendants respectfully maintain that ordering it to pay for the translation of a statute to aid Plaintiffs to amend their complaint and motion for preliminary injunction is a clear abuse of discretion since there is no statutory authority for the Court to do so.

The manifest injustice exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong." *Ellis v. U.S.*, 313 F.3d 636, 648 (1st Cir.2002). Defendants argue that the Order entered at Docket No. 38, requiring it to translate Plaintiffs' complaint, was unreasonable and an error of law. The Commonwealth and its officers are ordinary defendants and do not have more responsibility than other defendants do in litigations against a plaintiff. This constitutes an unjust enrichment for the Plaintiffs at the expense of the Commonwealth that is not supported by any statute or rule. *See In re Lupron Mktg. & Sales Practices Litig.*, 295 F. Supp. 2d 148 (D. Mass. 2003) (an unjust enrichment is a benefit conferred on another whose retention of benefit at the other's expense would be unconscionable).

The Order entered at Docket No. 38 must be reconsidered and vacated, since it would constitute a manifest injustice to make Defendants spend its already limited and scarce resources, as revealed by the Bankruptcy petition under Title III of PROMESA, translating a statute that is being challenged by the Plaintiffs. Other district courts have gone as far as to declare that requiring a defendant –even the State– to pay for the costs of translations of plaintiffs, even if they have an *in forma pauperis* status, constitutes a violation of due process of law. *See Gómez,* 627 F. Supp. 186. Defendants argue that the precedent that is being created

by this Court in requiring the defendants, much more a bankrupt defendant (the Commonwealth), to pay for Plaintiffs' translation is disastrous. This Court's Order has the devastating result that whenever the Commonwealth or its officers are sued, they will now have to bear the burden of paying for their own litigation, as well as for the expenses of the plaintiffs, in detriment of the debtor defendant. *See id*. Thus, it is respectfully requested that this Court reconsiders the Order entered at Docket No. 38 and vacate the same to avoid the manifest injustice and burdensome consequences that it will have not only in this case but also in all others that follow.

### III. CONCLUSION

Considering the above stated, Defendant respectfully request this Honorable Court to **GRANT** the instant motion, reconsider and vacate the Order entered at Docket No. 38. No defendant, no matter who it is, should be penalized and be held responsible for another parties' litigation expenses. *See Gómez*, 627 F. Supp. 186 ("It would be unfair and a violation of due process to order a defendant in a civil action to pay the plaintiff's litigation **costs** without affording the defendant an opportunity to oppose their imposition").

**WHEREFORE**, Defendant requests that the Court **GRANTS** the present motion and, consequently, reconsiders the Order entered at Docket No. 38, vacating the same.

**I HEREBY CERTIFY** that the undersigned attorney electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of July 2020.

| | |
|---|---|
| **INÉS DEL CARMEN CARRAU-MARTÍNEZ**<br>Interim Secretary of Justice | */s/ Juan C. Ramírez-Ortiz*<br>**JUAN C. RAMÍREZ-ORTIZ**<br>USDC-PR No. 306507 |
| **WANDYMAR BURGOS-VARGAS**<br>Deputy Secretary in Charge of Litigation | Department of Justice of Puerto Rico<br>Federal Litigation Division<br>P.O. Box 9020192 |
| **SUSANA PEÑAGARÍCANO-BROWN**<br>Director of Legal Affairs<br>Federal Litigation and Bankruptcy Division | San Juan, Puerto Rico 00902-0192<br>Email: juramirez@justicia.pr.gov<br>Phone: (787)721-2900, ext. 1421 |