UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANDRA RODRÍGUEZ COTTO; RAFELLI GONZÁLEZ COTTO, *Plaintiffs*, v. WANDA VÁZQUEZ GARCED, Governor of Puerto Rico; INÉS DEL C. CARRAU-MARTÍNEZ, Interim Secretary of Department of Justice of Puerto Rico; PEDRO JANER, Secretary of Puerto Rico Department of Public Safety; HENRY ESCALERA, Puerto Rico Police Commissioner, all in their official capacities, *Defendants*. | Civil Action No.: 3:20-01235-PAD |

### SECOND DECLARATION OF SANDRA RODRÍGUEZ COTTO

I, Sandra D. Rodríguez Cotto, declare as follows:

1. I am a resident of Guaynabo, Puerto Rico.

2. I am 50 years old and competent to make this declaration.

3. I continue to engage in investigative reporting and commentary on my radio program and my blog. Like many other journalists in Puerto Rico, my reporting right now focuses on the public health emergency caused by the COVID-19 global pandemic and the government's response to that emergency.

4. The government's actions in this lawsuit contribute to my fears that Section 6.14 could be used to prosecute journalists. I have reviewed the minutes from the Court's June 23, 2020 status conference and the government's motion to amend the minutes. I was shocked to learn that

1

the government refused to agree that it would not prosecute me, even for the short period between June 23, 2020 and the enactment of Act No. 66-2020.

5. I understand that Act No. 66-2020 amended Section 6.14. I have read Act. No. 66-2020, and it has not alleviated my fear of prosecution under Section 6.14(a).

6. I am still very concerned that I will be targeted for prosecution under Section 6.14(a) for my reporting. I make every effort to confirm the accuracy of my reporting and commentary, in accordance with standard journalistic practices. But I recognize that it is always possible that my reporting may contain inadvertent inaccuracies, especially during fast developing stories about public emergencies. I also recognize that the government may dispute the accuracy of my reporting, as it did regarding the death toll from Hurricane Maria. Although I would never knowingly share false information in my reporting, I am very worried that the government could accuse me of lying for reporting information that the government disapproves.

7. I do not know what constitutes a "warning" or a "false alarm." And I do not know how the government will determine whether a "risk" of harm to persons or property was a "result" of my reporting. I have to assume that any of my reporting about emergency conditions in Puerto Rico could subject me to prosecution if the government accuses me of lying.

8. My fear of prosecution under Section 6.14(a) will chill my speech about emergency conditions in Puerto Rico. For example, the threat of prosecution under Section 6.14(a) will make me more reluctant to discuss information that is controversial or that has not been verified by the government. Even when I report on such matters, the threat of prosecution will affect my reporting in all sorts of ways, such as how many confirmations I need to report a story, what information I include, and even what words I use.

9. Section 6.14(a) also obstructs my access to sources. Even as amended, Section 6.14(a) will chill potential sources from sharing confidential information with me, out of fear that I would be pressured to reveal their identities if I were ever prosecuted under the statute.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of July 2020.

By: _____
Sandra Rodríguez Cotto