UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANDRA RODRÍGUEZ COTTO; RAFELLI GONZÁLEZ COTTO,<br><br>*Plaintiffs*,<br><br>v.<br><br>WANDA VÁZQUEZ GARCED, Governor of Puerto Rico; INÉS DEL C. CARRAU-MARTÍNEZ, Interim Secretary of Department of Justice of Puerto Rico; PEDRO JANER, Secretary of Puerto Rico Department of Public Safety; HENRY ESCALERA, Puerto Rico Police Commissioner, all in their official capacities,<br><br>*Defendants*. | Civil Action No.: 3:20-01235-PAD |

## SECOND DECLARATION OF RAFELLI GONZÁLEZ COTTO

I, Rafelli González Cotto, declare as follows:

1. I am a resident of Bayamón, Puerto Rico.

2. I am 33 years old and competent to make this declaration.

3. I continue to engage in investigative reporting focused on the COVID-19 pandemic and the government's response.

4. The government's actions in this lawsuit support my fears that Section 6.14 could be used to prosecute journalists. I have read the minutes of the Court's June 23, 2020 status conference and the government's motion to amend the minutes. I was very surprised to learn that the government declined to stipulate that it would not prosecute me, even for the short time between the court's status conference on June 23, 2020 and the enactment of Act No. 66-2020.

1

5. I understand that Act No. 66-2020 amended Section 6.14. I have read Act No. 66-2020, and it has not relieved my fear of prosecution under Section 6.14(a).

6. I am still very worried that I will be targeted for prosecution under Section 6.14(a) for my reporting. Although I consistently follow standard journalistic practices to factcheck my stories, I recognize that it is always possible that my stories will contain inadvertent inaccuracies, including inaccuracies that only the government could identify and correct. I also recognize that the government may dispute the accuracy of one of my stories, even though my reporting is in fact accurate. I would never knowingly share false information in my reporting, but I am afraid that the government could accuse me of lying for reporting information that the government disapproves.

7. I do not know what amounts to a "warning" or a "false alarm." And I do not know how the government will determine whether a "risk" of harm to persons or property was a "result" of my reporting. I have to assume that any of my reporting about emergency conditions in Puerto Rico could subject me to prosecution if the government accuses me of lying.

8. My fear of prosecution under Section 6.14(a) is chilling my speech about emergency conditions in Puerto Rico. For example, the threat of prosecution under Section 6.14(a) makes me more reluctant to share information that is controversial or that has not been verified by the government. Even when I do report on such matters, the threat of prosecution affects my reporting in myriad ways, including how many confirmations I need to report a story, what information I include, and my word choice.

9. Section 6.14(a) also interferes with my access to sources. Even taking the recent amendments into account, the law will chill potential sources from sharing confidential information with me, out of fear that I would be forced to reveal their identities if I were ever prosecuted.

3

10. Although Section 6.14(a) purports to restrict false information about emergency conditions in Puerto Rico, it will inevitably chill a great deal of true information and reporting that is of vital interest to the public. In a free marketplace of ideas, the best remedy for false speech is true speech, not government censorship.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of July 2020.

By: _____
Rafelli González Cotto