## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO;**<br>**RAFELLI GONZÁLEZ-COTTO** | **CIVIL No.** 20-01235 (PAD) |
| *Plaintiffs,* | **RE:** Preliminary and Permanent Injunction |
| v. | |
| **WANDA VÁZQUEZ-GARCED**, Governor of Puerto Rico; **INÉS DEL CARMEN CARRAU-MARTÍNEZ**, Interim Secretary of Justice of Puerto Rico; **PEDRO JANER**, Secretary of the Department of Public Safety of Puerto Rico; **HENRY ESCALERA**, Commissioner of the Puerto Rico Police Bureau, all in their official capacities | |
| *Defendants.* | |

### OPPOSITION TO MOTION TO FILE AMICUS CURIAE BRIEF

**TO THE HONORABLE COURT:**

**COME NOW**, co-defendants **Wanda Vázquez-Garced**, Governor of Puerto Rico; **Inés del Carmen Carrau-Martínez**, Interim Secretary of Justice of Puerto Rico; **Pedro Janer**, Secretary of the Department of Public Safety of Puerto Rico; and, **Henry Escalera**, Commissioner of the Puerto Rico Police Department, all in their official capacities, without waiving any right or defense arising from Title III of *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§2101 *et seq.*, and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and through the undersigned attorney, very respectfully **STATE** and **PRAY** as follows:

## I.INTRODUCTION

On August 13, 2020, Pen America And UGA School of Law's First Amendment Clinic ("Amici") filed a leave to File a Brief of Amicus Curiae in Support of Plaintiffs' Renewed Motion for Preliminary Injunction. *See* Docket No. 53. On the same day, this Honorable Court ordered the appearing defendants to respond to the request for leave to file amicus brief not later than August 17, 2020. *See* Docket No. 54. In compliance with the Court's Order, we hereby submit our opposition to Amici's filing for the following reasons: (1) the amicus does not provide any supplemental assistance to counsel or the Court and (2) failure to provide reasons for why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

## II. DISCUSSION

Whether to permit amicus participation is a matter of judicial discretion. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). Amicus participation may be appropriate in some circumstances and not others. *See*, e.g., *United States v. Puerto Rico*, 398 F. Supp. 3d 1, 2–4 (D.P.R. 2019) (Gelpí, J.) (noting important contributions made by ACLU in some circumstances and admonishing ACLU for improper participation in other circumstances). Although the Federal Rules of Civil Procedure are silent on the standard for appointing amicus curiae, "the district court retains the inherent authority to appoint amicus curiae to assist it in a proceeding." *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F.Supp.2d 305, 306 (2003) (quotations omitted). Furthermore, the Court has discretion to determine "the fact, extent, and the manner of participation by the amicus." *Id*. at 307.

The First Circuit Court of Appeals has given some guidance to district courts on whether to accept or invite amicus briefs. The guidance hews close to the approach of the Seventh

Circuit Court of Appeals. In *Strasser*, the First Circuit provided that "[a] district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." 432 F.2d at 569. Several district courts have rejected *amicus* participation where a party was adequately represented, see, e.g., *U.S. v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992); *U.S. v. Gotti*, 755 F. Supp. 1157, 1157–59 (E.D.N.Y. 1991), or found *amicus* participation appropriate where a party was not adequately represented, *see*, e.g., *United States v. Davis*, 180 F. Supp. 2d 797, 798 (E.D. La. 2001). More recently, this district court has stated that Court's docket is not a bulletin board for third parties to opine on constitutional issues. *United States v. Keleher*, No. CR 20-019 (FAB), 2020 WL 4283226, at *5 (D.P.R. July 27, 2020).

In the instant case, Amici is using the instant case as means to advance their agenda as an organization but do not offer any assistance to counsel or the Court on any novel issue. In fact, in many ways Amici simply repeats the same arguments, using other words, that were advance by Plaintiffs, thus, redundant. The policy of the Seventh Circuit regarding amicus briefs, which this circuit court has adopted, has stated that they will deny permission to file an amicus brief that essentially duplicates a party's brief. *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir.2000). In *Voices for Choices v. Illinois Bell Tel. Co.*, the Seventh Circuit provided further insight, stating:

> The reasons for the policy are several: judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; **and the**

> **filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals process**.

339 F.3d 542, 544 (7th Cir. 2003) (emphasis ours). Accordingly, this Court must deny leave to file the amicus brief because it essentially duplicates Plaintiffs' brief who are already represented by another interest group, ACLU.

Moreover, nowhere in the four corners of the leave to file the amicus brief will the court find an explanation of the reasons why the amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. Amici only stated that they filed the brief "in order to protect the First Amendment right of the press to report on matters of public concern without fear of criminal prosecution and the right of the public to freely receive information from a diversity of sources that ensures discussions of public issues are uninhibited, robust, and wide-open." *See* Docket No. 53 at 3. This is not enough for this Court to allow the filing of the Amicus Brief at this juncture of the case. In no way the Amici's interest in protecting the First Amendment right of the press will assist the Court in the resolution of this case. Furthermore, this Honorable Court has expressed that the Parties have adequately briefed the Court on the legal issues surrounding the instant case. *See* Minutes of Proceedings at Docket No. 28.

Importantly, the Defendants have made a strong showing that Plaintiffs' lack Article III standing. Therefore, there is a great possibility that this case will be dismissed, as a result, the intervention of the Amici is unwarranted. Consequently, this Honorable Court should deny the filing of the amicus brief in order to prevent Amici to use this case as a bulletin board to opine on the constitutional issues before this Court.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above and **DENY** Amici's Motion for leave to File a Brief of Amicus Curiae in Support of Plaintiffs' Renewed Motion for Preliminary Injunction at Docket No. 53.

**I HEREBY CERTIFY** that the undersigned attorney electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of August 2020.

**INÉS DEL CARMEN CARRAU MARTÍNEZ**
Interim Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

**SUSANA I. PEÑAGARÍCANO-BROWN**
Director of Legal Affairs
Federal Litigation and Bankruptcy Division

**Department of Justice of Puerto Rico**
Federal Litigation Division
PO Box 9020192
San Juan, PR 00902-0192

*/s/ Juan C. Ramírez-Ortiz*
**JUAN C. RAMÍREZ-ORTIZ**
USDC-PR No. 306507
Tel. (787) 721-2900, ext. 1421
juramirez@justicia.pr.gov

*/s/Joel Torres Ortiz*
**JOEL TORRES ORTIZ**
USDC-PR No. 302311
Department of Justice of Puerto Rico
Federal Litigation Division
PO Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-2900, ext. 1421 & 1412
joeltorres@justicia.pr.gov