# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA RODRÍGUEZ-COTTO; RAFELLI GONZÁLEZ-COTTO**<br><br>*Plaintiffs,*<br><br>v.<br><br>**HON. PEDRO R. PIERLUISI URRUTIA**, Governor of Puerto Rico; **DOMINGO EMANUELLI-HERNÁNDEZ**, Secretary of Justice of Puerto Rico; **ALEXIS TORRES RÍOS**, Secretary of the Department of Public Safety of Puerto Rico; **ANTONIO LÓPEZ FIGUEROA**, Commissioner of the Puerto Rico Police Bureau, all in their official capacities<br><br>*Defendants*. | CIVIL NO. 20-01235 (PAD)<br><br>RE: Preliminary and Permanent Injunction |

**MOTION IN COMPLIANCE WITH COURT ORDER AT DOCKET NO. 86**

**TO THE HONORABLE COURT:**

**COME NOW**, Defendants[1] and, through the undersigned counsel, very respectfully **STATE** and **PRAY** as follows:

1.      On July 5, 2022, this Court issued an Order stating that after reviewing the record, it was "persuaded that the preliminary injunction phase should be consolidated with the request for permanent injunctive relief" and that by July 19, 2022, the parties should inform "if special measures should be considered for the consolidation" (Docket No. 86). The Court further allowed for the parties to supplement their briefs on issues awaiting resolution. Id.

---

[1] As ordered at Docket No. 85, and pursuant to Fed.R.Civ.P. 25(d), all recently appointed Commonwealth officers, as well as the current Governor of Puerto Rico, have been automatically substituted as parties here.

2. Defendants reaffirm their position as stated in the Joint Motion in Compliance with Court Order filed on September 25, 2020, that is, that this Court can rule on Plaintiffs' renewed motion for preliminary injunction without the need for discovery or an evidentiary hearing (Docket No. 78). As of today, even under the possibility of consolidation, Defendants' posture remains the same. From their perspective, Plaintiffs' lack of standing is an insurmountable hurdle that only allows for the denial of the preliminary injunction (and permanent injunction, should this court, in its discretion, order the aforementioned consolidation), and ultimately, the dismissal of the complaint. At this stage of the proceedings standing is a threshold issue that should be ruled on before considering the merits of Plaintiffs' claims. As to the previous, no special measures are warranted.

3. For context, Defendants refer this Court to their filings at Docket Nos. 62 and 74, which support their contention that the injunction sought should be denied and the case dismissed. Furthermore, this Court previously noted it harbored reservations as to Plaintiffs' standing, or lack thereof (Docket Nos. 28 and 33).[2]

4. After almost two years since the parties jointly informed the Court that the preliminary injunction could be resolved on the record (Docket No. 78), Plaintiffs have not made a single filing to either support their allegations of possible prosecution under the challenged amended law (Law No. 66-2020) or the chilling of sources to successfully show standing to move forward here. Moreover, Plaintiffs' lack of prosecution of their case clearly shows that no likelihood of irreparable harm exists, which is an essential requirement to grant a preliminary

---

[2] Specifically, as to Plaintiffs' claims of a chilling effect on their sources, this Court ordered Plaintiffs to include arguments of whether a journalist claiming chilling of sources as basis for standing in a pre-enforcement facial challenge under the First Amendment, may be recognized standing if the journalist refuses to disclose the source (Docket No. 34). But that discussion recognized, as Plaintiffs admitted at Docket No. 50, that the U.S. Court of Appeals for the First Circuit has not resolved the issue squarely (Docket No. 50).

injunction. Matos ex rel. Matos v. Clinton Sch. Dist., 367 F.3d 68, 73 (1st Cir. 2004) ("irreparable harm is a necessary threshold showing for awarding preliminary injunctive relief"). And back on November 10, 2020 (when the last court order was issued prior to the order which Defendants are presently complying with), this Court had no questions regarding the parties' submissions (Docket No. 80).

5. So, with regards to the first part of the Order—if special measures should be considered for consolidation of the preliminary and permanent injunction phases—Defendants respectfully submit that, in light of the current record, no special measures need be considered if this court, in its discretion, moves for consolidation. Vaquería Tres Monjitas, Inc. v. Laboy, 448 F.Supp.2d 340, 346-348 (D.P.R. 2006) (under Fed.R.Civ.P. 65(a)(2), the court has discretion to allow for consolidation injunction applications provided that fair notice and an opportunity to be heard is given to all litigants).

6. As to the second part of the Order—allowing the parties to file supplemental briefs on issues awaiting resolution—Defendants proffer that at this juncture, additional briefing is unnecessary. Aside from the joint motion filed in September 2020, Plaintiffs' last filing was docketed on August 28, 2020 (Docket No. 70). Plaintiffs' failure to prosecute their case or move this Court for a ruling on the pending preliminary injunction should disallow further supplemental briefing. As stated before, aside from their lack of standing, Plaintiffs lack of prosecution of their case, during the last two years, trumped the preliminary injunction request because it evidenced that no irreparable harm existed or presently exists. See Matos, 367 F.3d at 73; Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000) (describing irreparable harm as "an essential prerequisite" for receiving such redress).

7. Further, Defendants argue that the Court should primarily adjudicate the standing issue—which has been fully briefed by both parties for two years—because it is essential to

determine whether it has jurisdiction to move forward with the case, be it under a preliminary or permanent injunction criterion. *See* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). In that sense, once the standing inquiry is addressed by this Court, Defendants will be in better position to determine if further briefing regarding the merits of the case is necessary.

8. Finally, it is respectfully informed that if Plaintiffs opt to supplement their briefs, Defendants reserve their right to respond and/or file any other motion allowed by the Federal Rules of Civil Procedure, if necessary.

**WHEREFORE**, it is respectfully requested from this Court that it: (i) deem Defendants in compliance with the Court's Order at Docket No. 86; (ii) adjudicate the standing issue that has been fully briefed; and (iii) permit Defendants to respond to any supplemental briefing filed by Plaintiffs and/or file any other motion allowed by the Federal Rules of Civil Procedure, if necessary.

**I HEREBY CERTIFY** that the undersigned attorney electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of July 2022.

| | |
|---|---|
| **DOMINGO EMANUELLI-HERNÁNDEZ**<br>Secretary of Justice<br><br>**SUSANA I. PEÑAGARÍCANO-BROWN**<br>Deputy Secretary in Charge of Civil Litigation<br><br>*/s/ Juan C. Ramírez-Ortiz*<br>**JUAN C. RAMIREZ ORTIZ**<br>Deputy Undersecretary in Charge of Civil Litigation<br>USDC-PR No. 306507<br>San Juan, PR 00902-0192 | **DEPARTMENT OF JUSTICE OF PUERTO RICO**<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan, PR 00902-0192<br><br>*/s/Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>USDC-PR No. 302311<br>San Juan, PR 00902-0192<br>Tel. (787) 721-2900, ext. 1421 & 1412 |

Tel. (787) 721-2900, ext. 1407                                    joeltorres@justicia.pr.gov
juramirez@justicia.pr.gov